UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACOB FLOWERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02148-JPH-DLP |
| | ) | |
| SCOTT ALAN NORRICK et al., | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Habeas Corpus Petition as Frivolous**

On July 30, 2021, a document titled "Emergency Petition for Habeas Corpus" was filed in this court with the petitioner's name listed as "Jacob-Flowers." Dkt. 1 at 1. The petition was signed by four other individuals—Justin-Nolan, Alice-Flowers, Elijah-Spencer, and Joseph-Stowers. *Id.* at 16.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Court takes judicial notice that a man named Jacob Flowers is being held at the Madison County Jail on pending charges in state cause numbers 48C05-2106-F5-001667 and 48C05-2102-F6-000388.[1] Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his

---

[1] *See* State of Indiana v. Jacob Allen Flowers, Case Number 48C05-2106-F5-001667 and State of Indiana v. Jacob Allen Flowers, Case Number 48C05-2102-F6-000388, *available at* mycase.in.gov; Sheriff of Madison County, "Inmate Inquiry," http://www.sheriffofmadisoncounty.com/inmate.html (last visited Aug. 2, 2021).

1

detention is § 2241."). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007).

Mr. Flowers does not raise a speedy trial or double jeopardy claim. Rather, he alleges that he did not waive his right to a common law court, was not provided proof of constitutional or common law jurisdiction, and is being held without his consent. Dkt. 1 at 6. These and other nonsensical arguments in the petition are commonly invoked by so-called "sovereign citizens."

The petition must be dismissed as frivolous because it is "'lack[ing] an arguable basis either in law or in fact.'" *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Sovereign citizen arguments have been universally rejected as frivolous. *See United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011).

Accordingly, the action is **dismissed with prejudice** as frivolous. If Mr. Flowers, Mr. Nolan, Ms. Flowers, Mr. Spencer, or Mr. Stowers continue to file frivolous actions based on sovereign citizen claims, they may face sanctions. Final Judgment consistent with this Order shall issue.

**SO ORDERED.**

Date: 8/6/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JACOB FLOWERS
420 East Eighth Street
Anderson, IN 46012